UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARWINDER SINGH,

                     Plaintiff,

        v.

KRISTI NOEM, ET AL,

                     Defendant.

CASE NO. 2:26-cv-00651

ORDER GRANTING IN PART
PETITION FOR HABEAS CORPUS

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Harwinder Singh's petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Having reviewed the petition, Dkt. No. 1, the return, Dkt. No. 6, the traverse, Dkt. No. 7, and the relevant record, the Court GRANTS IN PART Singh's petition.

## 2.  BACKGROUND

Singh is a 23-year-old citizen of India. Dkt. No. 1 ¶ 19. He was apprehended by U.S. Border Patrol ("USBP") on August 6, 2024, near Sasabe, Arizona. Dkt. No. 5-1 at 3. USBP issued a determination of inadmissibility and expedited removal order that same day. Dkt. No. 5-2. After expressing a fear of return to India, Singh

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 1

was paroled by the Department of Homeland Security ("DHS") on Interim Notice Authorizing Parole on or about October 8, 2024. Dkt. No. 1 ¶ 1; Dkt. No. 5-3 at 2. Singh filed a timely Application for Asylum and Withholding of Removal with U.S. Citizenship and Immigration Services ("USCIS") on February 7, 2025. Dkt. No. 4 at 2; Dkt. No. 6 ¶ 10.

On May 12, 2025, Singh appeared at his regularly scheduled ICE check-in. Dkt. No. 1 ¶ 23; Dkt. No 4 at 2. At that appointment, without prior notice or a hearing, ICE officers detained Singh. Dkt. No. 1 ¶ 4, 23; Dkt. No. 4 at 2; Dkt. No. 5-4 at 2. Singh has remained in custody since his arrest.

On June 19, 2025, Singh had an asylum interview and demonstrated a credible fear, and his expedited removal order was vacated. Dkt. No 4 at 2; Dkt. No. 5-5 at 2. Singh filed his Application for Asylum and for Withholding of Removal on July 11, 2025, and was ordered removed to India by an immigration judge on September 16, 2025. Dkt. No. 4 at 2; Dkt. No. 6 ¶¶ 15, 17. Singh filed a timely notice of appeal with the Board of Immigration Appeals ("BIA"), where it remains pending. Dkt. No. 6 ¶ 18. Singh has no criminal convictions in the United States or any other country. Dkt. No. 1 ¶ 2; Dkt. No. 5-4 at 3; Dkt. No. 7 at 3.

Singh filed this habeas petition on February 23, 2026. Dkt. No. 1. He "challenges only the absence of constitutionally required procedural safeguards prior to the revocation of conditional liberty." Dkt. No. 1 ¶ 32. Singh requests that the Court (1) order his immediate release from custody; (2) permanently enjoin re-detention during the pendency of his removal proceedings absent written notice and a hearing; (3) enjoin Respondents from placing GPS ankle monitors on Singh absent

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 2

certain findings; (4) declare that his re-detention without an individualized determination violates the Fifth Amendment; and (5) order award of attorney's fees and costs. Dkt. No. 1 at 11–12.

The Government opposes the petition, arguing Singh is mandatorily detained under 8 U.S.C. § 1225(b)(1), and that a pre-detention hearing is therefore not required. Dkt. No. 4 at 4–5.

## 3. LEGAL STANDARD

"The Constitution guarantees the availability of the writ of habeas corpus 'to every individual detained within the United States.'" *Kumar v. Noem*, No. C26-294-SKV, 2026 WL 668335, at *2 (W.D. Wash. Mar. 10, 2026) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)). Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody"; thus, to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that

he is entitled to habeas relief"). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## 4.  DISCUSSION

### 4.1    Revocation of release and re-detention must comport with due process, regardless of the detention statute that applies.

The Parties dispute which statute governs Singh's detention. Respondents argue that Singh was re-detained under 8 U.S.C. § 1225(b)(1) and is thus subject to mandatory detention. Dkt. No. 4. Singh argues that when DHS vacated his expedited removal order and issued a Notice to Appear, it initiated § 240 removal proceedings and "detention authority necessarily shifted from § 1225(b) to § 1226." Dkt. No. 7 at 3.

"The Court need not reach the question of whether [the petitioner] is detained pursuant to 8 U.S.C. § 1225 or § 1226 because in either case, the statute cannot replace the constitutional requirement of procedural due process." *Singh v. Noem*, No. 2:26-CV-00555-RAJ, 2026 WL 686135, at *2 (W.D. Wash. Mar. 11, 2026). The Due Process Clause applies to Singh—who was deprived of his liberty when ICE revoked his release and re-detained him—regardless of whether he is subject to detention under § 1225(b)(1), § 1225(b)(2), or § 1226(a).[1] The Court therefore turns to Singh's due process claim.

---

[1] *See, e.g., Osuna Benitez v. Hermosillo*, Case No. 2:25-cv-02535-BAT, 2025 WL 3763932, at *3 (W.D. Wash. Dec. 30, 2025) (citing *Zadvydas*, 533 U.S. at 693); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) ("[E]ven

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 4

**4.2    Singh's re-detention without notice and a pre-deprivation hearing violates due process.**

"Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be 'deprived of life, liberty, or property, without due process of law[.]'" *Kumar*, 2026 WL 668335, at *2 (quoting U.S. Const. amend. V). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690. Those rights extend "to all 'persons' within the

---

when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (quoting *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025)) ("[T]he fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'"); *Blanco v. Hermosillo*, Case No. C26-493-MLP, 2026 WL 548056, at *2 (W.D. Wash. Feb. 27, 2026) ("Courts have held that noncitizens paroled or released from § 1225(b) custody retain a protected liberty interest in continued release and are entitled to procedural safeguards before being returned to custody, regardless of whether § 1225(b)(1) or (b)(2) applies."); *Reyes v. Hermosillo*, Case No. 2:26-cv-00270-TLF, 2026 WL 507678, at *2 (W.D. Wash. Feb. 24, 2026) ("[T]he Court need not consider whether there is a statutory basis...upon which petitioners may be lawfully detained...because even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in the statue."); *P.T. v. Hermosillo*, Case No. C25-2249-KKE, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected."); *Palacios v. Hermosillo*, No. 2:26-CV-491-JNW, 2026 WL 686138, at *6 (W.D. Wash. Mar. 11, 2026) ("The Court clarifies that the Due Process Clause applies to Petitioners—who were deprived of their liberty when ICE revoked their release and re-detained them— regardless of whether they are subject to detention under Section 1225(b)(1), Section 1225(b)(2), or Section 1226(a)"); *Kumar*, 2026 WL 668335, at *3 ("[T]he fact that the government may believe it has a valid reason to detain a noncitizen does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 5

United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

Due process is flexible and adequate procedural protections can vary based on the circumstances. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Courts weigh the factors set out by the Supreme Court in *Mathews* to determine whether a particular governmental action comports with due process: (1) the private interest at stake; (2) the risk of erroneous deprivation through existing procedures and "the probable value, if any, of additional or substitute procedural safeguards"; and (3) the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. at 335. The Ninth Circuit assumed without deciding the *Mathews* test applies in the immigration detention context. *See E.A. T.-B.*, 795 F. Supp. 3d at 1321 n.4 (citing *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1206–07 (9th Cir. 2022)).

Under the first *Mathews* factor, Singh has a constitutionally protected interest in his liberty. "Petitioner's interest in not being detained is 'the most elemental of liberty interests.'" *Osuna Benitez*, No. 2:25-CV-02535-BAT, 2025 WL 3763932, at *3 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Respondents note that Singh is "now in a similar situation that he would have been in had he remained detained initially." Dkt. No. 4 at 6. But when he was released on parole, Singh acquired a liberty interest entitled to the protections of the Due Process Clause. *See Doe v. Becerra*, 787 F. Supp. 3d

1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). That Singh was later ordered removed by an immigration judge does not extinguish the liberty interest he acquired upon release; that order is not yet final and is presently on appeal to the BIA.

In any event, even a final removal order does not authorize the Government to bypass due process the Constitution requires before depriving an individual of a previously granted liberty interest. *See Sarwari v. Wamsley*, No. 2:26-CV-00121-TL, 2026 WL 279968, at *3 (W.D. Wash. Feb. 3, 2026). This liberty interest exists even when release is conditional and must be afforded substantial weight. *Doe v. Becerra*, 787 F. Supp. 3d at 1093 (collecting cases). Therefore, the first *Mathews* factor weighs in Singh's favor.

Second, without notice and a pre-deprivation hearing, the risk of erroneous deprivation is high. Respondents have provided no individualized justification for why Singh was re-detained—only that "ICE ERO management recommended SINGH be brought into custody pending his asylum interview." Dkt. No. 5-4 at 3; *see also* Dkt. No 4 at 6. Respondents do not suggest that Singh had violated conditions of parole; indeed, they do not contest Singh's assertion that he "has remained in full compliance." *See* Dkt. No. 1 ¶ 3.

Respondents cite the regulatory language in 8 C.F.R. § 1236(c)(9), providing that "release may be revoked at any time in the discretion of the district director" or designated officials. Dkt. No. 4 at 4. But they provide no factual record that any of

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 7

the individuals authorized under § 1236(c)(9) revoked Singh's parole. Based on the record, it appears that ICE Deportation Officer "J 6751 Berrios" either made or effectuated the decision, and Detention Officers are not among the individuals authorized to revoke release under that regulation. These circumstances—in which the Government provides no justification for detention—underscore the risk of erroneous deprivation. The second *Mathews* factor weighs in Singh's favor.

Third, the Government's countervailing interest in detaining Petitioner prior to a hearing is minimal. Respondents argue that there is a "heightened government interest in the immigration detention context" and in preventing noncitizens "from remaining in the United States in violation of our law." Dkt. No. 4 at 7 (citation modified). But those interests are not threatened by the requirement of a pre-deprivation hearing. Respondents have not even alleged that Singh poses a flight risk or represents a danger to any person. In fact, when it released Singh, the Government necessarily must have found that Singh did not pose a danger to the community or a flight risk in order for parole to have been granted in the first place. *See* Dkt. No. 4 at 4; *Kumar*, 2026 WL 668335, at *3 (noting that under 8 C.F.R. § 212.5(b), "if a noncitizen has been granted parole, it means that a DHS official with authority decided . . . that the individual did not pose a security or flight risk"). Furthermore, while the Court assumes[2] that "providing a hearing before re-detaining an individual would require expending resources" and "would present some administrative burden," such costs are "outweighed by the risk of erroneously

---

[2] The Government did not address this point, but the Court considers it nevertheless under *Mathews*.

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 8

depriving an individual of a significant liberty interest." *Kumar*, 2026 WL 668335, at *5; *see also, Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Accordingly, the Court finds that, on balance, the *Mathews* factors support a finding that Singh's detention without notice or hearing violates procedural due process and requires immediate release.

**4.3   The Government must follow the law if it re-detains Singh.**

Having found a due process violation, the Court further finds that issuing the requested injunctive relief is appropriate. Each of the four *eBay* factors supports this conclusion. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

First, Singh has suffered irreparable harm as a result of his detention without process. Dkt. No. 1 at 11. Respondents argue that such a request is premature, Dkt. No. 4 at 7, but ICE has already detained him without process, and he has been identified as a target for detention. Such harm is likely to continue or recur absent injunctive relief to protect against further constitutional violations. *See eBay*, 547 U.S. at 391. Second, monetary damages are inadequate to remedy the deprivation of liberty. Third, requiring the Government to follow constitutional procedures imposes no undue hardship. Lastly, the public interest favors compliance with the law.

Several courts in this district have granted similar relief under comparable circumstances. *See, e.g., Nguyen v. Bondi*, No. 2:25-CV-02723-RAJ, 2026 WL 183819

(W.D. Wash. Jan. 23, 2026), *6; *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *5 (W.D. Wash. Jan. 9, 2026) (same); *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same). Accordingly, the Court prohibits Singh's re-detention unless the Government first provides written notice of the basis for the proposed re-detention and an Immigration Court hearing is held to determine whether detention is appropriate.

Singh also requests that in any pre-detention hearing, the Government should bear the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks. Dkt. No. 1 at 11. The Court agrees that a heightened evidentiary standard is appropriate given that Singh's initial release necessarily reflected a government determination that he was not a danger or a flight risk, and it is the Government that seeks to reverse that determination and reimpose confinement. *See* Dkt. No. 4 at 4. The Court thus finds that the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community at any subsequent re-detention hearing. *See Pinchi*, 792 F.Supp.3d at 1038 (Holding Petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms.).

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 10

Similarly, because Singh was previously managed under less restrictive conditions of release, the Government must demonstrate that those alternatives to detention are no longer adequate before reimposing the most restrictive option.

### 4.4 Singh shall be released subject to his most recent pre-detention conditions of release.

Singh seeks an order enjoining Respondents from placing ankle monitors on him upon his release absent certain circumstances. Dkt. No. 1 at 11. The Court finds it appropriate to release Singh under his most recent conditions of release. *See, e.g., Sarwari*, 2026 WL 279968, at *8 (ordering that "Respondents SHALL release Petitioner from detention immediately pursuant to the conditions in his preexisting Order"); *Kumar*, 2026 WL 668335, at *1 (ordering petitioner's "immediate release from custody under the same conditions previously imposed"); *Ramirez Tesara*, 800 F. Supp. 3d at 1139 (ordering the "immediate[] release [of] Petitioner from custody under the conditions of his expired parole agreement"). Thus, if the use of ankle monitors was not included in his initial parole notice, such use should not be imposed here.

## 5.  CONCLUSION

Based on the foregoing, the Court GRANTS Petitioner's Petition for Writ of Habeas Corpus, Dkt. No. 1, and ORDERS as follows:

(1) Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to his most recent, pre-detention conditions of release;

(2) Respondents are permanently enjoined from re-detaining Petitioner during the pendency of his removal proceedings absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks; and

(3) Within FORTY-EIGHT (48) hours of his release, Respondents must PROVIDE the Court with a status report confirming that Petitioners have been released from custody and informing the Court of the date and time of their releases.

(4) Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja,* 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 6th day of April, 2026 at 12:47 p.m.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS - 12